UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Comest S. Allen, # 0013,<br>*f.k.a. Comest Sabatino Allen, # 0359, Comest S. Allen, # 013*,<br><br>　　　　　　　　　　　Petitioner,<br><br>vs.<br><br>James E. Dorriety,<br><br>　　　　　　　　　　　Respondent.<br>_____ | ) C/A No. 9:11-cv-509-HFF-BM<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>) |

　　　　Comest S. Allen (Petitioner), proceeding *pro se*, brings this action for habeas corpus relief. Petitioner is a pretrial detainee in the Greenville County Detention Center in Greenville, South Carolina, and he files this action *in forma pauperis* under 28 U.S.C. § 1915.

　　　　Petitioner alleges that he was arrested on October 31, 2010 and has been held "more than (4) months - without a (bond or a bail hearing)." ECF No. 1, p. 5. Petitioner complains that he is being discriminated against because: he has a white girlfriend; he has previously filed a lawsuit against the Simpsonville Police and the Public Defender Office; and his public defender, Christopher Scalzo, is "giving him the run-around" because his other clients have the same charges and "they were given a bond since day one of their arrest." ECF No. 1, p. 5. Petitioner further alleges that: he has written the administrative judge twice; he should be released without bond because the grand jury has not indicted him within the legal time period; and his attorney has refused to file a motion to dismiss the charges and has also refused to turn over discovery or come and see Petitioner. ECF No, 1, p. 6-8. Petitioner asks "to be released from this imprisonment immediately or ASAP b/c of

1



this - injustice not giving me a bond within a reasonable time period like all other - Pretrial Detainee's."[1]  ECF No. 1, p. 14.

### *Pro Se* Habeas Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in the above-captioned case.  The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Rules Governing Section 2254 Proceedings for the United States District Court,[2] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim*

---

[1] According to the Greenville County Detention Center (GCDC) website, Petitioner was booked on November 1, 2011 on the charges of: attempted murder (warrant I570049); failure to stop for a blue light, second & above offense (warrant I570050); driving under the influence, third offense (warrant I570051); leaving the scene of an accident (warrant I570052); possessing, concealing, selling, or disposing of a stolen vehicle (warrant I482085); and driving under suspension fourth offense and above (warrant 46131FH).  The driving under suspension charge is listed as having been released.  The GCDC inmate search website also shows that a $25,000.00 surety bond was set on all of the above charges, on March 4, 2011, the same date that the instant habeas petition was filed by Petitioner in this Court.  *See* http://app.greenvillecounty.org/inmate_search.htm (last visited March 7, 2011).  The Court may take judicial notice of factual information located in postings on government websites.  *See McCormick v. Wright*, No. 2:10-cv-00033-RBH-RSC, 2010 U.S. Dist. LEXIS 13799 at *6-7 n. 5(D. S.C. Jan. 15, 2010) adopted by, dismissed without prejudice by *McCormick v. Wright*, 2010 U.S. Dist. LEXIS 13726 (D.S.C., Feb. 17, 2010); *In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 U.S. Dist. LEXIS 86538 at *2 (E.D. La. Sept. 8, 2008)(collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n. 4 (D. Md. 2008)(collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241.  *See* Rule 1(b).



*v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *see Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). However, even when considered under this less stringent standard, the Petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Ordinarily, federal habeas corpus relief for a state prisoner is available post-conviction. However, pretrial petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him."[3] *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995)(quoting *Dickerson th v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), cert. denied, 484 U.S. 956 (1987)), cert. denied, 517 U.S. 1123 (1996). Petitioner is a detainee in a South Carolina local detention center facility.

---

[3]Habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Although Petitioner files this action on a state prisoner form designed for filing habeas petitions pursuant to 28 U.S.C. § 2254, the Court liberally construes Petitioner's pleading as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.



Generally, "an attempt to dismiss an indictment or otherwise prevent a prosecution" is not attainable through federal habeas corpus. *Dickerson v. Louisiana*, 816 F.2d at 226 (quoting *Brown v. Estelle*, 530 F.2d 1280 (5th Cir. 1976)). In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. at 43-44 (citation omitted). From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit, has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994)(citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Here, Petitioner was arrested on October 31, 2010 and charged with attempted murder and other state charges. Clearly, an ongoing state criminal proceeding exists. The second criteria has been addressed by the United States Supreme Court's statement that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The United States Supreme Court also addressed the third criteria in noting "that ordinarily a pending state prosecution provides the accused a 'fair and

4



sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d at 903 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).

Federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review. *Dickerson*, 816 F.2d at 224-26. *See also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973). While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention. *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975). Thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstances are shown. *Id.*; *see, e.g., Drayton v. Hayes*, 589 F.2d 117, 121 (2d Cir. 1979)(double jeopardy claim entitled to pretrial habeas intervention because "the very constitutional right claimed . . . would be violated" if petitioner were forced to go to trial). Further, where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Moore*, 515 F.2d at 449. In *Moore, id.* at 443, the court concluded that the federal court should abstain from considering a speedy trial claim at the pretrial stage because the claim could be raised at trial and on direct appeal. *See generally United States v. MacDonald*, 435 U.S. 850 (1978); *Dickerson*, 816 F.2d at 226-27.

Since Petitioner can pursue his claims in state court both during and after trial, he fails to demonstrate "special circumstances," or to show that he has no adequate remedy at law and will suffer irreparable injury if denied his requested relief of release from imprisonment. *See Younger*, 401 U.S. at 43-44. Petitioner is therefore precluded from federal habeas relief at this time, and his Petition should be dismissed. Moreover, it appears that the Petition is now moot because, on March 4, 2011, as noted above in n. 2, a $25,000.00 surety bond was set for Petitioner on all of his pending

5



charges. Therefore, since Petitioner's bond hearing, Petitioner's complaint that he is being held without bond no longer exists.

## Recommendation

Accordingly, it is recommended that the Court dismiss the Petition without prejudice and without requiring the Respondents to file an answer. *See Allen v. Perini*, 424F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), cert. denied, 400 U.S. 906 (1970).

Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

March 8, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005)(quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

